IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WHEELING DIVISION

MATHIS EUGENE JOHNSON,

     **Plaintiff,**

v.                                **Case No.: 5:25-cv-00059-FWV-JKR**

LT. TIBBS and
DONALD TRUMP,

     **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are several motions filed by Plaintiff to amend or otherwise correct the operative Amended Complaint. (ECF Nos. 39, 40, 49, 51).

## I.    Relevant Procedural History

Plaintiff instituted this action by filing a State Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 on March 13, 2025, stating various claims against certain governmental actors and entities related to Plaintiff's arrest and subsequent incarceration at North Central Regional Jail and Correctional Facility ("NCRJ") and Salem Correctional Center and Jail ("SCC"). (ECF No. 1). On June 5, 2025, Magistrate Judge James P. Mazzone issued his Report and Recommendation, recommending that Plaintiff's claims Two through Eight, as well as all claims against then-Defendants West Virginia Division of Corrections and Rehabilitation ("WVDCR"), the Owner of NCRJ, and the United States Government be dismissed, leaving only Claim One against Defendant Tibbs remaining. (ECF No. 17). That recommendation was adopted over Plaintiff's objections on June 17,

2025. (ECF No. 21). Plaintiff filed a Notice of Appeal of the Order adopting the Report and Recommendation on July 7, 2025. (ECF No. 31).

On July 14, 2025, while his appeal was pending, Plaintiff filed his first Letter-Form Motion to Amend/Correct the Complaint, seeking to add new defendants, including President Donald Trump. (ECF No. 26). On July 16, 2025, the Court ordered Plaintiff to file an Amended Complaint no later than August 13, 2025, in order to determine whether he had a cognizable claim against President Trump. (ECF No. 27).

Plaintiff filed the now operative Amended Complaint on July 28, 2025, which contains only allegations against Donald Trump, in his role as President of the United States. (ECF No. 30). The following month, on August 29, 2025, Plaintiff moved to amend or correct the Amended Complaint, seeking to add Magistrate Judge Mazzone and District Judge Bailey as defendants "for being malice and frivolous towards [him]" in their rulings in this lawsuit. (ECF No. 39). On September 8, 2025, Plaintiff filed another Motion to Amend/Correct the Amended Complaint, in which he asks to add the West Virginia Board of Education ("WVBOE") or the Governor and/or State of West Virginia to his lawsuit. (ECF No. 40). According to Plaintiff, the State and/or the WVBOE placed Plaintiff in behavior classes as a child, which he contends was cruel and unusual punishment and resulted in his current life path. *See id.*

On September 17, 2025, the Honorable Frank W. Volk, Chief United States District Judge for the Southern District of West Virginia, was designated and assigned to this case, (ECF No. 41), and the matter was referred to the undersigned under 28 U.S.C. § 636(a)–(c), (ECF No. 42). After the reassignment of this case, the Court of Appeals for the Fourth Circuit entered its order and mandate dismissing Plaintiff's appeal for failure to prosecute. (ECF Nos. 44, 45).

On January 13, 2026, Plaintiff again moved to amend or correct the Amended Complaint, requesting that the WVDOC and an entity that Plaintiff merely refers to as "MA" be added as defendants for an invasion of privacy claim based on video surveillance at state jails. (ECF No. 49). On February 3, 2026, he refiled his January 13, 2026, motion anew. (ECF No. 51). To-date, no Defendants have appeared. Plaintiff's motions are ripe for adjudication.

## II.    Standard of Review

Under Rule 15(a) of the *Federal Rules of Civil Procedure*, "leave to amend a pleading shall be freely given 'when justice so requires.' " *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). Our Court of Appeals has "interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.' " *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citing *Johnson*, 785 F.2d at 509). A proposed amendment is futile when it is "clearly insufficient or frivolous on its face." *Save Our Sound OBX, Inc. v. N. Carolina Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) (quoting *Johnson*, 785 F.2d at 510). "A proposed amendment is also futile if the claim it presents would not survive a motion to dismiss." *Id.* (citing *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995)); *see also Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 420–21 (4th Cir. 1990) (noting that courts may "disallow[ ] an amendment when the claim sought to be pleaded by amendment plainly would be subject to a motion to dismiss").

Courts are required to liberally construe filings by *pro se* parties, holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978). Nonetheless, *pro se*

parties must comply with the *Federal Rules of Civil Procedure*. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

### III.  <u>Analysis</u>

At this stage of the litigation, the undersigned finds no undue delay or prejudice in Plaintiff's filing. No defendants have appeared, and no discovery has been completed. However, upon review of Plaintiff's proposed amendment, the undersigned finds that the requested amendments would be futile. Plaintiff's letter-form motions seek to add new party defendants and contain various vague allegations of wrongdoing without providing factual support for any legal claims. Even construing the pleadings liberally, the motions fall far short of even the most "[t]hreadbare recitals of the elements of a cause of action" that would be themselves be insufficient to state a claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Thus, the claims Plaintiff proposes could not survive a motion to dismiss and are clearly insufficient on their face. *See Save Our Sound OBX, Inc.*, 914 F.3d at 228.

Additionally, the proposed amendments do not arise from the same transaction or occurrence set forth in the operative pleading. Fed. R. Civ. P. 15(c)(1)(B). The allegations do not involve the same operative facts, and allowing the proposed amendments would alter the fundamental nature of the claims already before the Court. Therefore, the appropriate path for Plaintiff to bring the claims he proposes would be through the filing of separate lawsuits, not amending the operative Amended Complaint here.

## I.     <u>**Proposal and Recommendations**</u>

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DENY** Plaintiff's Motions to Amend/Correct the Amended Complaint (ECF Nos. 39, 40, 39, 51).

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Volk, and Magistrate Judge Reeder.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to counsel of record and any unrepresented party.

**FILED:**     March 4, 2026



Joseph K. Reeder
United States Magistrate Judge