UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING

MATHIS EUGENE JOHNSON,

      Plaintiff,

v.                                          CIVIL ACTION NO. 5:25-cv-00059

LT. TIBBS, *NCRJ*, and
DONALD TRUMP,
*President USA*,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending are Plaintiff Mathis Johnson's *pro se* Letter-Form Objections [ECF 56] to the Proposed Findings and Recommendations ("PF&R") entered by the Honorable Joseph K. Reeder, United States Magistrate Judge, on March 4, 2026. [ECF 53]. The matter is ready for adjudication.

### I.

This action was previously referred to Magistrate Judge Reeder for submission of a PF&R. Magistrate Judge Reeder filed his PF&R on March 4, 2026 [ECF 53], in which he addressed Mr. Johnson's *pro se* Motions regarding amendment and correction of the operative Amended Complaint. [ECF 39; ECF 40; ECF 49; ECF 51]. Magistrate Judge Reeder recommended the Court deny Mr. Johnson's Motions.

## II.

Federal law provides that "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see Samples v. Ballard*, 860 F.3d 266, 272. Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See id.*; *see also Thomas v. Arn*, 474 U.S. 140 (1985) (stating that review of a magistrate judge's factual or legal conclusions is not required as to those portions of the findings or recommendation to which no objections are addressed); *United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). "Moreover, a general objection to a magistrate judge's findings is not sufficient [to trigger de novo review] -- 'a party must object to the [magistrate's] finding or recommendation . . . with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *United States v. Benton*, 523 F.3d 424, 428 (4th Cir. 2008) (quoting *United States v. Midgette*, 478 F.3d 626, 621–22 (4th Cir. 2007)); *see Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("Courts have also held de novo review to be unnecessary . . . when a party makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations.").

Mr. Johnson fails to assert any clear objection to Magistrate Judge Reeder's findings in the PF&R. [*See* ECF 56]. Instead, he asserts a singular generalized objection to the dispositions of the cases he has filed, in addition to reasserting certain complaints against Judge Bailey:

Judge Preston Bailey is . . . misrepresenting the district court [sic]. I refuse any and

> all mail I want a different judge, all these cases reopened due to corruption. I put in civil lawsuits I want to settle out of court or go to trial. I repeat myself all mail from the District Judge Preston Bailey will be sent back to you.

[ECF 56 at 1]. This objection is conclusory and does not provide sufficient specificity to point the Court to a specific error in Magistrate Judge Reeder's findings. Additionally of note, the Chief Judge of the United States Court of Appeals for the Fourth Circuit designated the undersigned to preside over this matter on September 17, 2025. [ECF 41]. Thus, Mr. Johnson's request for a different judge is moot -- and additionally lacks merit.

Accordingly, Mr. Johnson's objections are **OVERRULED**. Inasmuch as Mr. Johnson's objection also included a request to add a claim against Clarissa Hill, that Motion is **DENIED AS MOOT**.

### III.

For the foregoing reasons, the Court **OVERRULES** Mr. Johnson's objections [**ECF 56**], **ADOPTS** the PF&R [**ECF 53**], **DENIES** Mr. Johnson's Motions to Amend and/or Correct the Complaint [**ECF 39; ECF 40; ECF 49; ECF 51**], and **ORDERS** the case be **REFERRED** anew to Magistrate Judge Reeder under the terms of the original referral order.

The Court directs the Clerk to transmit a copy of this Order to counsel of record and any unrepresented party.

ENTER:        March 25, 2026

Frank W. Volk
Chief United States District Judge